UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TREGG WILSON | CIVIL ACTION |
| VERSUS | NO: 13-5612 |
| SHERIFF MIKE TREGRE | SECTION: J(5) |

## ORDER AND REASONS

Before the Court is a *Motion for a New Trial Pursuant to FRCP 59* **(Rec. Doc. 73)** filed by Plaintiff, Tregg Wilson ("Plaintiff"), as well as an *Opposition* **(Rec. Doc. 78)** by Defendant, Sheriff Mike Tregre ("Defendant"), and Plaintiff's *Reply* (**Rec. Doc. 80**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED.**

## PROCEDURAL AND FACTUAL BACKGROUND

This matter arises out of a complaint filed by Plaintiff, a former Chief Deputy in the Sheriff's Office of St. John the Baptist Parish, Louisiana, against Sheriff Mike Tregre in both his individual and official capacity as the Sheriff of St. John the Baptist Parish.[1] During his employment as Chief Deputy, in May, 2013, Plaintiff alleges that he was informed that interrogation

---

[1] For a complete statement of the facts see this Court's Order and Reasons denying Plaintiff's Motion for Summary Judgment (Rec. Doc. 71), filed September 11, 2014.

1

rooms located in the Criminal Investigative Division (CID) of the Sheriff's Office were under 24-hour video and audio surveillance. The CID contains three interrogation rooms, used primarily for detectives to interview suspects, but also available for suspects to meet with their attorneys. Each room contains visible camera equipment that records video and audio and operates on a motion-activated sensor. While the cameras in each room send audio/video feed back to the computer network at CID, Plaintiff also determined that the video feed was recorded by a device called a Milestone Server which saved recordings up to thirty (30) days, ostensibly for purposes of retaining "backup copies" of interrogations.

Plaintiff, who is also an attorney in the State of Louisiana, suspected that this recording equipment posed several legal problems, such as potential violations of attorney-client privilege, the Fourth Amendment, Louisiana's wiretapping laws, and rules governing the disclosure of evidence. Plaintiff alleges that he discussed these concerns with Sheriff Tregre, who then ordered an internal investigation. Plaintiff then forwarded emails detailing his correspondence with Sheriff Tregre to the District Attorney, who requested that the State Police investigate the matter. As a result of this investigation, the State Police took statements from several parties, including Plaintiff.

On June 10, 2013, Sheriff Tregre terminated Plaintiff's employment, and Plaintiff subsequently filed a lawsuit with this

2

Court including claims under the Louisiana Whistleblower Statutes, as well as under 42 USCA § 1983 and Article I, Section 7 of the Louisiana Constitution for alleged retaliation against Plaintiff for his exercise of protected speech. Subsequently, both Plaintiff and Defendant filed motions for summary judgment. On September 11, 2014, this Court issued an order granting summary judgment in favor of Defendant and dismissing all Plaintiff's claims in this matter. (Rec. Doc. 71). The Court determined that because Plaintiff engaged in speech in his capacity as a public employee, rather than as a private citizen, he was not entitled to recover under either his Section 1983 claim or his claim under the Louisiana Constitution. Regarding Plaintiff's whistleblower claims, the Court concluded that Plaintiff was not entitled to recover under Louisiana Revised Statute 23:967 because he had failed to prove that Sheriff Tregre had violated a "state law." The Court also dismissed Plaintiff's whistleblower claim under Louisiana Revised Statute 42:1169 upon a finding that Plaintiff had failed to pursue his complaint with the State Ethics Board, as mandated by the statute.

Plaintiff then filed the instant motion seeking a new trial on June 17, 2014.

**PARTIES' ARGUMENTS**

Plaintiff seeks a new trial on two separate grounds.[2]  First,

---

[2] Because no trial was ever held on the merits of this matter, the Court construes Plaintiff's motion as seeking an amendment of the judgment regarding two of the court's conclusions.

Plaintiff argues that the Court erred in dismissing his claim brought under the Louisiana Whistleblower Statute, pursuant to La. R.S. § 23:967. Plaintiff contends that the Court should have determined that Sheriff Tregre's failure to comply with Article 716 of the Louisiana Code of Criminal Procedure, a discovery rule requiring the court to order the District Attorney to disclose certain evidence upon written motion by the defendant, constituted a violation of a substantive "state law." As such, Plaintiff contends that his disclosure of the Sheriff's "violation of state law" and the alleged subsequent adverse treatment he received as a result of this disclosure makes him eligible for relief under the Louisiana Whistleblower Statute. (Rec. Doc. 73-1, p. 4). Plaintiff also seeks to introduce new evidence in the form of an affidavit of a prior deputy at the Sheriff's Office in support of his claim that Defendant violated Article 716.

Second, Plaintiff asserts that his second whistleblower claim brought pursuant to La. R.S. § 42:1169 was premature at the time it was decided by the Court because Plaintiff had failed to previously file this complaint with the State Ethics Board, as required by the statute. As such, Plaintiff contends that the Court should amend its judgment to dismiss this particular claim without prejudice, granting Plaintiff an opportunity to re-file his complaint with the

Ethics Board.[3] (Rec. Doc. 73-1, p. 6).

Defendant contends that the instant motion is simply an attempt by Plaintiff to "re-litigate the matter," and that Plaintiff has failed to provide any authority to support his arguments that the Court has disregarded controlling law. (Rec. Doc. 78, p. 3). More specifically, Defendant asserts that the Court correctly classified Article 716 as a purely procedural law, yet regardless of the type of law this Article may be, Plaintiff's allegations that Defendant violated this law are unsubstantiated. (Rec. Doc. 78, p. 4). Defendant further argues that Plaintiff's failure to report his whistleblower claim to the Ethics Board pursuant to La. R.S. § 42:1169 does not warrant a decision to now voluntarily dismiss the claim without prejudice to be re-filed with the Ethics Board. Instead, Defendant asserts that Plaintiff's attempt to "revive this claim is brought without sufficient grounds and serves only to cause annoyance and expense to Sheriff Tregre." (Rec. Doc. 78, p. 6).

## DISCUSSION

When a matter has not been litigated through a trial on the merits, a motion for new trial is not a proper procedural mechanism for a party to seek reconsideration. *Aucoin v. C.N.I . Girdler*,

---

[3] In conjunction with the instant motion, Plaintiff has also filed an *Ex Parte Motion to Dismiss La. R.S. 42:1169 Claim Without Prejudice*, which it urges the Court to grant upon a finding that an amendment to judgment is necessary. (Rec. Doc. 76).

5

*Inc.*, No. 93-2565, 1995 WL 366485, at *1 (E.D. La. June 20, 1995) (Clement, J.). Instead,"when a party seeks reconsideration of an order granting the opposing party's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment." *U.S. v. McMahan*, No. 08-07, 2008 WL 5377980, at *1 (S.D. Tex. Dec. 22, 2008) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). As such, because no trial was ever conducted in this matter, and because Plaintiff's claims were dismissed by an order on both parties' motions for summary judgment, the Court will construe the instant motion as a Rule 59(e) motion, rather than a motion for a new trial.

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as error that is "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re*

6

*Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted). To prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

Despite Plaintiff's contentions that the Court erred regarding its dismissal of his two whistleblower claims, the Court finds that Plaintiff has failed to prove that its prior ruling on these claims was "manifestly erroneous,"or that the presentation of new evidence is sufficient to amend the Court's prior judgment.

### A. La. Rev. Stat. § 23:967 Claim

Plaintiff first contends that the Court manifestly erred by dismissing his claim under La. R.S. § 23:967. La. R.S. § 23:967, commonly known as the Louisiana Whistleblower Statute, prohibits retaliatory action by an employer after an employee in good faith "discloses or threatens to disclose a workplace act or practice

7

that is in *violation of state law*." La. Rev. Stat. Ann. § 23:967(A)(1) (emphasis added). Plaintiff originally argued that relief under the Louisiana Whistleblower Statute was appropriate because the alleged motion-activated video recording conducted by the Sheriff's Office violated (1) attorney-client privilege, (2) the Fourth Amendment, (3) Louisiana wiretapping laws, and (4) laws regarding the disclosure of evidence, including Article 716 of the Louisiana Code of Criminal Procedure and the United States Supreme Court's decision in *Brady v. Maryland*. The Court first determined that attorney-client privilege was not a substantive law as envisaged by La. R.S. § 23:967, and that Plaintiff failed to show a violation of either the Fourth Amendment or Louisiana wiretapping laws. (Rec. Doc. 71, p. 14-19). The Court further held that Article 716 of the Code of Criminal Procedure, as well as the United States Supreme Court's ruling in *Brady,* are primarily procedural discovery rules to which La. R.S. § 23:967 does not apply, and, moreover, that Plaintiff failed to submit sufficient evidence that the Sheriff's Office violated these discovery rules. (Rec. Doc. 71, p. 20).

Plaintiff now argues that the Court improperly classified Article 716 as a purely procedural rule, and instead, that Article 716 constitutes a "state law," the violation of which would warrant application of the Louisiana Whistleblower Statute. The Court disagrees. First, the Court continues to recognize that Article

8

716, as well as the Supreme Court's ruling in *Brady*, constitute purely procedural rules governing discovery in criminal cases, rather than substantive state laws that may implicate the Louisiana Whistleblower Statute. However, a detailed explanation of this conclusion is unnecessary in light of the Court's previous holding that "Plaintiff has failed to submit sufficient evidence to show that the Sheriff's Office actually failed to turn over any evidence that was favorable to any particular accused and actually caused prejudice." (Rec. Doc. 71, p. 21). In his Reply, Plaintiff now seeks to introduce new evidence in the form of a signed affidavit by Mr. Ed Howell, a former Deputy with the Sheriff's Office, which was not introduced prior to the Court's Order dismissing Plaintiff's claims. With this affidavit, Plaintiff purports that Sheriff Tregre and Troy Hidalgo, the technology director for the Sheriff's Office, had previously watched a video of a witness's interrogation, despite the men's testimony that they had never watched any videos recorded on the Milestone Server.(Rec. Doc. 80-3, p. 2-3). Plaintiff further contends that this new evidence shows that the Sheriff's Office violated both Article 716 and *Brady*. (Rec. Doc. 80-3, p. 3). The Court finds that this evidence is not sufficient so as to warrant an amendment of the judgment.

The Fifth Circuit has previously recognized that district courts have "considerable discretion" when considering the introduction of new evidence pursuant to a Rule 59(e) motion.

9

*Templet*, 367 F.3d at 483. In determining whether to "upset a summary judgment on the basis of evidence [that a party] failed to introduce on time," courts are instructed to consider a number of factors including "whether the evidence was available to the movant before the non-movant filed the summary judgment motion," and "the importance of the omitted evidence to the moving party's case." *Id.* While the Court finds merit in Plaintiff's contention that he was unable to secure the evidence prior to the Court's order denying his motion for summary judgment due to Mr. Howell's travel and work schedule, this alone is not sufficient to justify an amendment of the prior judgment. Plaintiff has failed to present the Court with the importance of the new evidence it seeks to introduce. Even assuming that Mr. Howell's testimony is truthful, the mere allegation that Sheriff Tregre and Mr. Hidalgo watched a video of an interrogation does not, in and of itself, amount to a violation of Article 716 or *Brady*. Plaintiff has failed to present to the Court how this evidence could impact his claim under La. R.S. § 23:967.

Because Plaintiff has failed to show that he is entitled to a remedy under La. R.S. § 23:967, an amendment of the Court's judgment on this basis is not warranted.

**B. La. Rev. Stat. § 42:1169 Claim**

Plaintiff also seeks amendment of the Court's judgment in regard to the dismissal with prejudice of his claim under La. R.S.

§ 42:1169.[4] This statute, located within the Code of Governmental Ethics portion of the Revised Statutes, provides, in pertinent part, that:

> Any public employee who reports to a person or entity of competent authority or jurisdiction information which he reasonably believes indicates a violation of any law or of any order, rule, or regulation issued in accordance with law or any other alleged acts of impropriety related to the scope or duties of public employment or public office within any branch of state government or any political subdivision shall be free from discipline, reprisal, or threats of discipline or reprisal by the public employer for reporting such acts of alleged impropriety.

La. Rev. Stat. Ann. § 42:1169(A) (2008). The statute further requires that "if any public employee is suspended, demoted, dismissed, or threatened with such suspension, demotion, or dismissal as an act of reprisal for reporting an alleged act of impropriety in violation of this Section, the public employee shall report such action to the [Louisiana State Ethics] board." La. Rev. Stat. Ann. § 42:1169(B)(1) (2008).

In its order granting summary judgment in favor of Sheriff Tregre and dismissing all Plaintiff's claims, this Court specifically found that Plaintiff had failed "to make a proper report as required by this statute." (Rec. Doc. 71, p. 13).

---

[4] Despite the Court's dismissal of Plaintiff's whistleblower claim under La. R.S. § 23:967, Louisiana courts have found that claims under La. R.S. 23:967 and La. R.S. § 42:1169 are "not mutually exclusive." *Nolan v. Jefferson Parish Hosp. Service. Dist. No. 2*, 01-175 (La. App. 5 Cir. 6/27/01); 790 So.2d 725, 731-32 (citing *Puig v. Greater New Orleans Expressway Comm'n*, 00-924 (La. App. 5 Cir. 10/31/00); 772 So.2d 842, 843. As such, the Court finds it necessary to address Plaintiff's arguments under each of these claims separately.

Additionally, because Plaintiff did not oppose Sheriff Tregre's motion for summary judgment regarding this claim, the Court found that Plaintiff's La. R.S. § 42:1169 claim should be dismissed with prejudice. (Rec. Doc. 71, p. 13). Plaintiff now argues that because he failed to file a complaint with the State Ethics Board, this claim was premature at the time it was filed, and the Court did not have the jurisdiction to hear the claim. (Rec. Doc. 73-1, p. 5-6). As such, Plaintiff contends that the Court's judgment should be amended to dismiss this claim without prejudice, to be re-filed with the State Ethics Board prior to the running of the two year prescriptive period. (Rec. Doc. 73-1, p. 6).

Plaintiff has failed to show that the Court's dismissal of this claim amounts to a manifest error with complete disregard to controlling precedent. Instead, Plaintiff admits *he* was in error by filing this claim with this Court. Louisiana courts have repeatedly held that La. R.S. § 42:1169 does not provide a plaintiff with a private cause of action in state or federal court, and, instead, that a plaintiff's sole remedy under this statute lies with the Board of Ethics. *Goldsby v. State, Dept. of Corrections*, 03-0343 (La. App. 1 Cir. 11/7/03); 861 So.2d 236, 238 ("Here, plaintiff did not report the matter to the Ethics Commission. Thus, he cannot sue under this statute."); *Collins v. State ex rel. Dept. of Natural Resources*, 12-1031 (La. App. 1 Cir. 5/30/13); 118 So.3d 43, 48 (finding that La. R.S. § 42:1169 **"does not provide an

independent right of action."). As such, because Plaintiff did not have a valid cause of action under this statute, the Court complied with Louisiana precedent by dismissing Plaintiff's claim under La. R.S. § 42:1169.

Plaintiff further contends that the claim should have been dismissed *without* prejudice, in order to provide him with an opportunity to pursue the claim with the State Ethics Board. However, Plaintiff has failed to provide any legal support for his reasoning that a dismissal of the claim without prejudice would have been the appropriate ruling. Additionally, this Court has previously held that when a plaintiff improperly brings a claim under La. R.S. § 42:1169 in federal district court, the proper remedy is to dismiss this claim *with* prejudice. *Thomas v. Louisiana, Dept. of Social Services*, No. 08-4977, 2010 WL 2217003, at * 5 (E.D. La. May 26, 2010) (Wilkinson, J.), *aff'd by* 406 Fed. Appx. 890 (5th Cir. 2010).

Because Plaintiff has failed to show that the Court manifestly erred by dismissing his claim under La. R.S. § 42:1169 with prejudice, an amendment of the Court's judgment on this basis is not warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for New Trial Pursuant to FRCP 59* **(Rec. Doc. 73)** is **DENIED.**

13

New Orleans, Louisiana this 2nd day of October, 2014.

                                                    _____
                                                    CARL J. BARBIER
                                                    UNITED STATES DISTRICT JUDGE